UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DARREL GENE RUSSELBURG, | ) | |
| DEBORAH NALLY, | ) | |
| | ) | |
| Plaintiffs, | ) | 3:03-cv-149-RLY-WGH |
| | ) | |
| vs. | ) | |
| | ) | |
| GIBSON COUNTY, INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY GRANTING SUMMARY JUDGMENT ON REMAND

On January 31, 2005, this court entered a final judgment and injunction in favor of the Plaintiffs in this matter, requiring Gibson County to remove the Ten Commandments monument from the grounds of the county courthouse. A stay of enforcement of the injunction was entered while an appeal ensued. While this case was pending before the United States Court of Appeals for the Seventh Circuit, the Supreme Court handed down its decision in *Van Orden v. Perry,* __ U.S. __, 125 S.Ct. 2854 (2005), a case with a number of similarities to this one and which altered, at least to some degree, the legal landscape with respect to cases involving the display of monuments with religious references on public property. The Seventh Circuit has since vacated this court's entry of judgment and remanded the case for reconsideration in light of the *Van Orden* decision.

In *Van Orden*, a First Amendment, Establishment Clause challenge was made to the display of a six foot high monument on the grounds of the Texas State

Capitol which was inscribed with the Ten Commandments.  The monument, donated by the Fraternal Order of Eagles as part of a national effort to fight juvenile delinquency, has stood on the grounds of the Capitol for more than forty years.  *Van Orden,* 125 S.Ct. at 2858.  It is one of seventeen monuments and twenty-one historical markers said to commemorate people, ideals and events that compose the identity of Texans. *Id*.  They are all located on the twenty-two acres which comprise the Capitol grounds of Texas.  *Id.* The District Court determined that the state had a valid secular purpose in recognizing the Eagles' efforts at fighting juvenile delinquency and in accepting the monument for placement on the grounds.  *Id.*  Further the District Court opined that a reasonable observer, mindful of the history, purpose, and context, would not conclude that this passive monument conveyed the message that the State was seeking to endorse religion. *Id*. at 2859.  The Court of Appeals affirmed.

The Supreme Court also affirmed.  In the majority opinion, drafted by Chief Justice Rehnquist, the Court stated that the test developed in *Lemon v. Kurtzman,* 403 U.S. 602 (1971), which is the test most often employed in examining Establishment Clause issues, is "not useful in dealing with the sort of passive monument that Texas has erected on its Capitol grounds."  *Id*. at 2861.  Instead the Court relied on an analysis driven by the nature of the monument and the history of our country.  *Id*.  In the end, the Court reasoned that it would be disingenuous to ignore the fact that religion generally and the Ten Commandments specifically have had a great deal of historical influence on society; and, it found that allowing the monument to stand along with other markers and

memorials depicting people and events of significance to Texans was too passive an act to amount to the adoption or promotion of particular religious principles in violation of the Establishment Clause. *Id.* at 2862-2863.

This court has previously described the stipulated facts of this case in some detail. *See Entry on Cross Motions For Summary Judgment*, January 31, 2005, Docket #34. A number of those relevant facts are strikingly similar to the facts in *Van Orden.* The Ten Commandments monument on the grounds of the Gibson County courthouse is two feet shorter and a foot and one half less wide than the monument on the capitol grounds in Texas, but otherwise nearly identical. It too was donated by the Fraternal Order of Eagles almost fifty years ago as a part of that organization's effort to combat juvenile delinquency. There are at least six other monuments and memorials that are also located on the Gibson County courthouse grounds and they all depict people and events of historical significance. While that is fewer than the thirty-eight monuments and markers at the Texas Capitol, it is proportionately similar in light of the size of the grounds.

Even the Justices of the Supreme Court recognize that there is no perfect or consistent way to test a public display that contains religious features against the prohibitions of the Establishment Clause. *Van Orden,* 125 S.Ct. at 2860-2861. While the majority decision in *Van Orden* discounted, if not criticized, the use of the *Lemon* test in Establishment Clause cases, the majority decision in another Establishment Clause case, decided the very same day, affirmed the lower courts' use of the *Lemon* test in reaching a determination that the posting of a copy of the Ten Commandments along with eight

other historical documents in two county courthouses in Kentucky was a breach of the Establishment Clause, in light of the history surrounding the posting, which was originally displayed by itself with the stated intent that the commandments serve as legal precedent. *McCreary County, Ky v. American Civil Liberties Union of Ky*, __ U.S. __, 125 S.Ct. 2722 (2005). In the case at bar, there is no similar history and no attempt to present the commandments as having been adopted as law. In short, the similarities between this case and *Van Orden* are too vivid to dismiss.

In light of the Supreme Court's decision in *Van Orden*, the court finds that the display of the Ten Commandments monument that currently sits on the north-east side of the courthouse grounds in Gibson County, Indiana is not in violation of the First Amendment, Establishment Clause. Accordingly, the court GRANTS summary judgment in favor of the Defendant, Gibson County, Indiana.

SO ORDERED this 7th day of September 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Kenneth J. Falk
ken.falk@iclu.org

Jerry Stilwell
[jstilwell@bamberger.com](jstilwell@bamberger.com)

Copy To:

David Tanner
3701 Highway 68
Poseyville, IN 47633